(41 Misc. Rep. 246.)

PEOPLE ex rel. DEEVY v. OGDEN et al., Com'rs.

(Supreme Court, Special Term, New York County. July, 1903.)

1. MANDAMUS—SALARY OF OFFICE—POLICE CAPTAIN.
     A person who has been duly promoted as captain of police in the city of New York is entitled to a writ of mandamus to compel the civil service commissioners to certify such promotion on the pay roll, and to compel the city police commissioner to certify the same.

2. POLICE CAPTAIN—PROMOTION—CIVIL SERVICE.
     The refusal of civil service commissioners to certify the promotion of a police captain on the pay roll because of an alleged error in the certificate of the captain's record, which error, if it had not occurred, would have reduced his rating below that required for promotion, is not justified

where the captain is not charged with any fraud in the matter, and the evidence does not show that the error had any effect in causing his promotion.

**3. Quo Warranto—Title to Office.**
The right of a captain of police to his office can be determined only by quo warranto, and the civil service commissioners have no power to do any act depriving the captain of his office.

Application by the people, on the relation of Jefferson Deevy, for a writ of mandamus against Willis L. Ogden and others. Motion granted.

James, Schell & Elkus (Abraham I. Elkus and Joseph M. Proskaur, of counsel), for the motion.

George L. Rives, Corp. Counsel (Terence Farley, of counsel), opposed.

GIEGERICH, J. The relator seeks to compel the respondent civil service commissioners to certify upon the pay roll that he has been duly promoted to the position of captain of police, and to compel the respondent Greene, as police commissioner, to certify his name upon the pay roll accordingly. The respondent civil service commissioners resist the application upon the ground that when the relator was appointed there was an error in the certificate of his record which was sent to their predecessors in office by the police department, such error consisting of the omission of a charge against the relator in the year 1880 of being absent without leave, for which he was fined 10 days' pay. It is further claimed that, had this charge appeared upon the certificate furnished, the relator would have fallen below the requisite 70 per cent. necessary to secure his name a place upon the eligible list, from which he was subsequently appointed on December 27, 1900. I cannot find any competent evidence that such would have been the fact. The result of his examination, as stated in the opposing affidavits, was as follows: For mental examination (77 × .25), 19.25; report (69 × .75), 51.75—71.00; 70 per cent. being necessary to render him eligible. It is further stated that "the value of the mental examination was rated at twenty-five, and that of report, which includes the record, at seventy-five." The affidavits of the two examiners who gave the above ratings state that, had this omitted offense been before them, the one would have marked the relator on his record at 63 instead of 67 per cent., and the other at 64 instead of 70 per cent. Now, the relator's mark was 69 "for report," "which includes the record"; but what portion of the "report" the "record" constitutes I cannot discover from the papers, and, in the absence of such information, cannot say that the lower rating which the examiners swear they would have given him on their present information upon his record would have brought his total percentage below 70. In other words, it is not shown that the error had any effect. So, too, it is not shown that the relator had any part in the omission, whether unintentional or fraudulent, in the certificate which was furnished by the police department. On the contrary, at the hearing held, it was expressly stated by the respondents that no charge of wrongdoing on the relator's part was made. This distinguishes the case completely from

People ex rel. Wieland v. Knox, 78 App. Div. 344, 79 N. Y. Supp. 989, which is relied upon in opposition to the motion. I also think that the proceedings of the respondents, which purported to deprive the relator of an office to which he had been appointed in regular form, were unauthorized and void. The recent cases of People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, and Greene v. Knox and others (decided in the Court of Appeals on June 25, 1903) 175 N. Y. 432, 67 N. E. 910, have reaffirmed the ancient rule that title to an office must be determined by a proceeding instituted upon information in the nature of a quo warranto, or, under present practice, by the Code equivalent of a direct action instituted by the Attorney General. In the Greene Case, just cited, the action was brought by a taxpayer to restrain the payment of the salaries of the defendants who had received appointments, regular in form, as police captains, and it was held that the only method by which the defendants' title to office, and consequent right to salary, could be determined, was in an action of quo warranto in a court of law, where the issues of fact could be tried by a jury. The motion is therefore granted, but without costs.

Motion granted, without costs.